WILLIAM A. KING, INC., Plaintiff

v.

EDWARD C. MORRONE, Defendant

# Civil No. 139-1968

## District Court of the Virgin Islands

### Div. of St. Croix

██ 

JAMES, HODGE & TONKIN (RONALD H. TONKIN of counsel), *for plaintiff*

EDWARD J. OCEAN, *for defendant*

MARIS, *Circuit Judge*

## OPINION

This is a suit by the plaintiff on a default judgment entered in its favor in the Supreme Court of New York on March 27, 1967 against the defendant for $1,936.40 with interest of $145.22 and costs of $46.04, a total of $2,127.66. The suit was brought in the Municipal Court, St. Croix Division, Christiansted Jurisdiction. The defendant filed an answer denying, inter alia, the entry of the judgment and demanding a jury trial. The case was thereupon transferred to this court pursuant to the statute. 4 V.I.C. § 32 (d).

██ The plaintiff has filed a motion for summary judgment in its favor asserting that it appears from the affidavit of Abraham Karp annexed to the complaint, to which a certified copy of the alleged judgment is attached, that there is a valid judgment outstanding against the defendant upon which the suit was filed, no part of which has been paid and that there are no set-offs or counterclaims thereto. No countervailing affidavits were filed by the defendant. The facts set forth in the plaintiff's affidavit must accordingly be accepted as undisputed for the purposes of this motion.

██ It appears from the certified copy of the judgment attached to Mr. Karp's affidavit that the defendant was personally served in the New York action. But it does

not appear where he was served and it further appears that at the time of the entry of the default judgment he resided in St. Croix, Virgin Islands. Thus the affidavit and accompanying judgment are not sufficient to establish the jurisdiction of the New York court to enter a personal judgment against the defendant. If it should be shown that the defendant was personally served in the State of New York this would be sufficient to establish the validity of the judgment. And the judgment would likewise be valid if the defendant had been served in St. Croix under a New York Long Arm Statute upon a cause of action in which extraterritorial service would have been constitutionally valid. But if the service was made in the Virgin Islands upon a cause of action which would not justify extraterritorial service, the extraterritorial service would not confer jurisdiction upon the New York court to enter the default judgment here sued upon. Since the affidavit relied upon by the plaintiff does not establish the facts in this regard summary judgment must be denied.

An order will be entered denying the motion for summary judgment with leave to renew it upon a further showing of the pertinent facts by affidavit or exemplification of the record.